1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9    ERIC MARTIN,                                CASE NO. 1:04-CV-05358-OWW-LJO-P

10                         Plaintiff,            ORDER REQUESTING THAT
                                                 DEFENDANTS' COUNSEL PROVIDE
11          v.                                   DECLARATION FROM LITIGATION
                                                 COORDINATOR, OR OTHER APPROPRIATE
12    DAVID WINETT, et al.,                      PERSON, CONCERNING ERROR IN
                                                 ACCEPTING SERVICE ON BEHALF OF
13                         Defendants.           DEFENDANT HOLCOMB

14    _____/          (Docs. 62 and 63)

15

16          Plaintiff Eric Martin ("plaintiff") is a state prisoner proceeding pro se in this civil rights

17    action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended

18    complaint against defendants Aguirre, Gracey, Huerta, and Holcolm.  On July 14, 2005, the court

19    ordered the United States Marshal to initiate service of process.  On September 29, 2005, the

20    summonses and waivers of service for defendants Aguirre, Gracey, and Huerta were returned to the

21    court and on November 18, 2005, defendants Aguirre, Gracey, and Huerta filed an answer.  On May

22    22, 2006, the United States Marshal returned to the court the USM-285 form for defendant Holcomb

23    certifying that Holcomb had been personally served on May 9, 2006, via the litigation coordinator

24    at the California Correctional Institution. On May 30, 2006, counsel for defendants Aguirre, Gracey,

25    and Huerta, acting in her capacity as an officer of the court, filed a notice stating that service on

26    defendant Holcomb was invalid because Holcomb is retired and left no valid forwarding address,

27    and the litigation coordinator was not authorized to accept service on Holcomb's behalf.

28    ///

In order for the court to address this issue, the court must have before it an evidentiary basis upon which to base its decision.  Accordingly, counsel for defendants Aguirre, Gracey, and Huerta is requested to secure a declaration from the litigation coordinator, or other appropriate person, within **forty-five (45) days** from the date of service of this order attesting to the facts set forth in counsel's notice.

IT IS SO ORDERED.

**Dated:     June 30, 2006            _____/s/ Lawrence J. O'Neill_____**
b9ed48                                    UNITED STATES MAGISTRATE JUDGE