# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARTIN,<br><br>       Plaintiff,<br><br>   v.<br><br>DAVID WINETT, et al.,<br><br>       Defendants.<br>_____/ | CASE NO. 1:04-cv-05358-OWW-LJO PC<br><br>ORDER DISMISSING DEFENDANT HOLCOLM PURSUANT TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 71)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL<br><br>(Doc. 71)<br><br>ORDER SETTING PRETRIAL DISPOSITIVE MOTION DEADLINE FOR MAY 14, 2007 |

I.   Order

   A.   Notice of Voluntary Dismissal of Defendant Holcolm

   Plaintiff Eric Martin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 17, 2006, plaintiff filed a motion seeking dismissal of defendant Holcolm and reconsideration of the order denying his motion to compel. Defendants Gracey and Aguirre did not file a response. (Doc. 71.)

   Defendant Holcolm has not been served and has not made any appearance in this action. Accordingly, plaintiff's notice of voluntary dismissal of defendant Holcolm shall, by this order, be given effect, without prejudice. Fed. R. Civ. P. 41(a)(1).

///

1        B.      Motion for Reconsideration of Order Denying Motion to Compel

The deadline for the completion of all discovery, including filing motions to compel, was June 28, 2006. (Doc. 52.) Plaintiff filed a motion to compel on July 31, 2006, and the Court denied the motion as untimely on September 20, 2006. (Docs. 65, 70.) Plaintiff seeks reconsideration of the order. (Doc. 71.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff contends that he served a request for the production of documents on April 6, 2006, and on July 4, 2006, he sent defendants' counsel a letter in an attempt to resolve the discovery dispute, in compliance with the Court's order, which requires a good faith attempt to meet and confer prior to seeking court intervention. After receiving no response, plaintiff filed a motion to compel on July 31, 2006.

///

1    A scheduling order may be modified only upon a showing of good cause, Fed. R. Civ. P.
2 16(b), and a showing of good cause requires a showing of diligence in complying with the deadline,
3 <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  In this
4 instance, plaintiff served his discovery request on April 6, 2006, and defendants' response was due
5 on or before May 25, 2006. Doc. 52, ¶2; Fed. R. Civ. P. 6(e).  The discovery deadline was June 28,
6 2006, and the discovery order specified that any request for an extension of a deadline must be filed
7 on or before the deadline. (Doc. 52, ¶10.)  Instead of filing a motion seeking an extension of the
8 discovery deadline to allow time to attempt a resolution of the discovery dispute with defendants'
9 counsel and to file a motion to compel if necessary, plaintiff waited more than one month after
10 defendants' discovery response was due to send a letter to defendants' counsel regarding the
11 discovery dispute.  By that time, the discovery deadline had passed.

12    Although the Court is mindful that plaintiff is proceeding pro se, plaintiff is required to
13 comply with the Court's orders and the discovery order clearly placed plaintiff on notice that any
14 request for an extension of a deadline must be filed on or before the deadline.  Despite this, plaintiff
15 at no time sought an extension of the deadline and only now in his motion for reconsideration does
16 plaintiff raise an argument that his failure to file his motion to compel within the deadline should be
17 excused.  Plaintiff has not met his burden of demonstrating that the Court erred in denying his
18 motion to compel or his burden of demonstrating good cause to modify the scheduling order and
19 allow his untimely motion to compel to be resolved on the merits.  Accordingly, plaintiff's motion
20 for reconsideration must be denied.

21    C.    <u>Pretrial Dispositive Motion Deadline</u>

22    Finally, in its order of August 30, 2006, the Court vacated the pretrial dispositive motion
23 deadline and stated that it would set a new deadline upon resolution of the status of unserved
24 defendant Holcolm. (Doc. 69.)  In light of plaintiff's notice of voluntary dismissal of defendant
25 Holcolm, the deadline for the filing of pretrial dispositive motions is set for May 14, 2007.
26 ///
27 ///
28 ///

  D. <u>Conclusion</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to plaintiff's notice of voluntary dismissal, filed November 17, 2006, defendant Holcolm is DISMISSED from this action, without prejudice;
2. Plaintiff's motion for reconsideration of the order denying his motion to compel, filed November 17, 2006, is DENIED; and
3. The pretrial dispositive motion deadline is set for May 14, 2007.

IT IS SO ORDERED.

**Dated: February 6, 2007**       /s/ Lawrence J. O'Neill
b9ed48                UNITED STATES DISTRICT JUDGE