# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARTIN, | CASE NO. 1:04-cv–05358-LJO-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS UNTIMELY |
| v. | (ECF No. 132) |
| DAVID WINETT, et al., | |
| Defendants. | |

Plaintiff Eric Martin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The discovery and scheduling order in this action issued on January 6, 2011, setting the discovery cut-off date of September 6, 2011. (ECF No. 122.) Plaintiff filed a motion to compel on September 30, 2011.[1] (ECF No. 132.)

Plaintiff brings this motion because Defendants "bearly [sic] responded" to his interrogatories and have notified him that they are not going to respond to his requests for admissions and production of documents. (Motion to Compel 2.) Plaintiff served his request for admissions and request for production of documents on August 28, 2011. (Id. at 3.) In the discovery and scheduling order the parties were advised that all discovery requests must be served at least forty five days before the discovery deadline. (Discovery and Scheduling Order 1:23-24.) Additionally the parties were informed that all discovery, including the filing of motions to compel, must be completed by September 6, 2011. (Id. at 2:15-16.)

---

[1] A review of the motion to compel shows that it was prepared on September 19, 2011.

1

Although Plaintiff states that he attempted to serve the discovery requests on August 15, 2011, and was unable to because the prison copy machine was unavailable, the requests were untimely on that date. On May 3 and June 16, 2011, Plaintiff filed a motion for an extension of time to serve responses to Defendants discovery requests which was granted. Plaintiff's argument that the discovery cut-off date was amended due to the granting of these motions is incorrect. Plaintiff did not make a motion to amend the scheduling order and the motions he submitted clearly dealt with his responses to Defendants' discovery requests and did not address an extension of time for Plaintiff to propound discovery. Plaintiff's request for admissions and production of documents, served less than two weeks prior to the discovery cut-off date, were untimely, and Defendants were not required to respond to these discovery requests.

Plaintiff moves to compel additional responses to his request for interrogatories propounded March 23, 2011.[2] To be timely, Plaintiff's motion to compel additional responses to the interrogatories had to be filed prior to September 6, 2011.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel, filed September 30, 2011, is DENIED as untimely.

IT IS SO ORDERED.

Dated:  **October 17, 2011**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that on June 8, 2011, the Court granted Defendants motion for an extension of time to file a response to Plaintiff's interrogatories. (ECF No. 129.) Defendants responses were due within thirty days giving Plaintiff approximately two months to bring this motion to compel.

2