UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARTIN, | CASE NO. 1:04-cv–05358-LJO-BAM PC |
|     Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 42(a)(2) AND DISMISSING ACTION, WITH PREJUDICE |
|     v. | |
| DAVID WINETT, et al., | |
|     Defendants. | (ECF No. 147) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I.  Background**

Plaintiff Eric Martin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 1, 2004. On March 25, 2010, the United States Court of Appeals for the Ninth Circuit affirmed the grant of Defendants' motion for summary judgment, but found that Plaintiff's Eighth Amendment claims against Defendant Winnett and the Due Process claims against Defendants Johnson, Stainer, and Winnett had been dismissed improperly at the screening stage. This action is proceeding on the limited claims revived by the Ninth Circuit. (ECF No. 111.) Thereafter, on November 22, 2011, Defendants filed a motion for summary judgment. After plaintiff requested and received several extensions of time to file an opposition to the motion for summary judgment, Plaintiff filed a notice of voluntary dismissal on March 30, 2012. (ECF Nos. 140, 147.) On April 14, 2012, an order issued requiring Defendants to file an opposition or statement of non-opposition to Plaintiff's motion to dismiss without

1

prejudice. (ECF No. 148.) Defendants filed a reply on April 30, 2012. (ECF No. 149.) On May 3, 2012, an order issued informing Plaintiff that, if his motion for dismissal is granted, this action would be dismissed with prejudice and requiring Plaintiff to notify the Court if he wished to withdraw his request for voluntary dismissal within thirty days. (ECF No. 150.) More than thirty days have passed and Plaintiff has not responded to the Court's order.

## II.     Motion for Voluntary Dismissal

### A.     Legal Standard

"[U]nder Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (*quoting* Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078. However, once the defendant has filed an answer or motion for summary judgment, a plaintiff's motion for voluntary dismissal is filed under Federal Rules of Civil Procedure 41(a)(2). Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995). "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff has filed his request after an answer or motion for summary judgment has been filed. Therefore, the request for voluntary dismissal proceeds under Rule 41(a)(2).

### B.     Discussion

Unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." Rule 41(a)(1)(B); see Pedrina v. Chun, 987 F.2d 608, 610, fn. 3 (9th Cir. 1993). Defendants request that the Court dismiss the action with prejudice.

Pursuant to Rule 41(a)(2), there are three separate determinations for the court to make: 1) whether to allow dismissal; 2) whether the dismissal should be with or without prejudice; and 3) what terms and conditions, if any, should be imposed. Williams v. Peralta Community College Dist., 227 F.R.D. 538, 539 (N.D.Cal. 2005). In this case, the Court finds it necessary to address only the first two considerations.

### 1.     Whether to Allow Dismissal

A court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless the defendant shows that he will suffer legal prejudice as a result. Smith v Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" Smith, 263 F.3d at 976 (*quoting* Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. Smith, 263 F.3d at 976.

Defendants do not argue against dismissal, but argue that if the Court grants Plaintiff's motion, it should be granted with prejudice. Defendants state that they have diligently pursued the conclusion of this action, are entitled to finality, and should not be required to face the possibility of multiple suits, (ECF No. 149). As discussed below, these reasons, among others, are sufficient to show legal prejudice. Accordingly, Plaintiff's motion to for voluntary dismissal should be granted.

### 2.     Whether Action Should Be Dismissed With Or Without Prejudice

Unless otherwise stated, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). While a dismissal without prejudice is the default position stated in Rule 41(a)(2), the court has broad discretion whether to dismiss an action with or without prejudice. Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002). The purpose of Rule 41(a)(2) is to permit an action to be dismissed without prejudice as long as the defendant will not be prejudiced or unfairly affected by the dismissal. Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989). In determining if an action should be dismissed with prejudice, the court can consider the fact that the defendant has filed a motion for summary judgment. In re Sizzler Restaurants Intern., Inc., 262 B.R. 811, 822 (C.D.Cal. 2001). "An attempt to avoid an adverse decision on the merits may constitute legal prejudice. Id., see Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) ("party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice").

In this instance, Plaintiff has failed to respond to the order requiring him to notify the Court

if he wishes to withdraw his motion to dismiss. A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(per curiam)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court considers "several factors: (1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanction." Omstead v. Dell Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1222 (9th Cir 2006); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). The Court finds these considerations appropriate in determining if Plaintiff's motion should be dismissed with or without prejudice.

The "public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 649. Plaintiff filed this action on March 1, 2004. (ECF No. 1). On March 7, 2008, after a seven month period in which the parties engaged in discovery, Defendants Gracey, Aguirre, and Huerra's motion for summary judgment was granted. (ECF No. 98.) Plaintiff filed an appeal and on March 25, 2010, the appeal was affirmed in part. The claims currently at issue were remanded by the Ninth Circuit. (ECF No. 111.) On January 6, 2011, an order issued opening discovery. The cut-off date for discovery was established as September 9, 2011, and the dispositive motion deadline at November 17, 2011. (ECF No. 122.) After receiving a brief extension of time, Defendants filed a motion for summary judgment on November 22, 2011. (ECF No. 140.) Plaintiff's motions for an extension of time to file an opposition to the motion for summary judgment were granted on December 15, 2011; January 26, 2012; and March 1, 2012. (ECF Nos. 142, 144,

4

146.) On March 30, 2012, Plaintiff filed a notice of voluntary dismissal stating that due to physical and medical infirmities and circumstances beyond his control, he was no longer able to prosecute this action and requested that the action be dismissed without prejudice. (ECF No. 147.) This case has been pending for over eight years, through numerous motions, including an appeal. With a pending decision on summary judgment, plaintiff filed a notice of voluntary dismissal. The case has consumed an inordinate amount of judicial time and effort without resolution. A dismissal without prejudice would leave the potential that plaintiff could refile this action (and make some argument that the statute of limitations had not run or was tolled), and begin anew what the parties have spent years litigating. Only by dismissal with prejudice would the case finally be resolved. Based on the foregoing, this case has consumed time that the Court could devoted the numerous other cases which clog its docket. Pagtalunan, 291 F.3d at 642. Accordingly, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weighs in favor of dismissal with prejudice.

The Court finds that Defendant's would be prejudiced or unfairly affected by the dismissal without prejudice. Stevedoring Services of America, 889 F.2d at 921. In this instance, the allegations in the amended complaint occurred in 2002, approximately ten years ago. Plaintiff's motion for dismissal was filed after the completion of the discovery process, and Defendants had filed a meritorious motion for summary judgment. Plaintiff had requested three extensions of time to file his opposition to the motion for summary judgment prior to filing the motion for voluntary dismissal. Further, Plaintiff has been granted ample opportunity to file an opposition to the summary judgment motion, and Plaintiff decided to dismiss this action because it was too much of a hardship to continue prosecuting this action. It would be unfair to deprive Defendants of a ruling on the merits of a summary judgment motion at this late stage of the proceedings, and after a decade since the events, simply by allowing Plaintiff to move for voluntary dismissal, without prejudice. Without the finality of dismissal with prejudice, defendants face potential relitigation of issues occurring long ago, that they have spend eight years defending. The third factor, risk of prejudice to Defendants, weighs in favor of dismissal with prejudice, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

1976).

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the Court's warning to a party that his failure to obey the Court's order will result in dismissal with prejudice satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  Plaintiff was informed that the Court intended to dismiss this action, with prejudice, and Plaintiff was granted thirty days in which to file a motion to withdraw his request for a voluntary dismissal and file an opposition to Defendants' motion for summary judgement.  Plaintiff has been given an opportunity to withdraw his voluntary dismissal if he felt that the dismissal with prejudice was too onerous, Lau v. Glendora Unified School District, 792 F.2d 929, 930 (9th Cir. 1986), and has failed to do so.

### VI.    Conclusion and Recommendation

The Court finds that Plaintiff is entitled to voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(2).  Further, upon consideration of history of this action, the Court recommends this action be dismissed with prejudice.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for voluntary dismissal, filed March 30, 2012, be granted; and
2. This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 19, 2012**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

6